**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4949

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBIN LEACH,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00302)

Submitted: June 13, 2007                    Decided: July 12, 2007

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Charles Jones, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 23, 2005, Robin Leach was charged in a four count indictment with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000) (Counts One and Four); possession with intent to distribute cocaine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) (1999) and 841(b)(1)(C) (1999) and 18 U.S.C. § 2 (2000) (Count Two); and unlawfully using and carrying a firearm and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 and Supp. 2006) (Count Three). Leach eventually entered into a plea agreement with the Government whereby he agreed to plead guilty to Counts Two through Four.

On April 27, 2005, the Charlotte Mecklenburg Police Department responded to a call of shots fired during a domestic disturbance. Upon arriving, officers encountered Robin Leach and Tomesha Scott, Leach's girlfriend. Authorities learned that Leach and Scott had been involved in a physical altercation and that after the fight, Scott took Leach's car. Scott eventually returned and drove Leach's car into a tree. In retaliation, Leach then fired two shots into Scott's unoccupied car and used a baseball bat to smash the front windows of Scott's car. The police eventually located the gun used by Leach in a duffle bag on the roof of the home. Inside the bag was the gun with Leach's blood on it, a

magazine clip, approximately twenty-four grams of cocaine, thirty-four grams of marijuana, a crack pipe, a Brillo pad, rolling papers, and a set of scales.

At Leach's Rule 11 hearing, the Government clarified that Leach discharged the gun in connection with a domestic violence situation, and not in furtherance of a drug trafficking offense. Leach, therefore, was subject only to a five year mandatory minimum sentence under § 924(c) for possession of the firearm.

At Leach's sentencing on August 30, 2006, the Government again stated that an enhancement for discharge of a firearm did not apply but cited the discharge in discussing the seriousness of the offense and as a basis for sentencing Leach near the high end of his guidelines range with respect to Counts Two and Four. The court then sentenced Leach to thirty-six months' imprisonment, concurrent, on Counts Two and Four, and to sixty months' imprisonment, consecutive, on Count Three. Leach timely appealed and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[1] For the reasons that follow, we affirm the judgment of the district court.

On appeal, Leach raises one alleged error. In his brief, Leach first states that the district court "committed plain error in sentencing him to a consecutive sixty (60) month sentence for

---

[1]Leach was informed of his right to file a pro se supplemental brief. Leach has not done so.

gun possession in a domestic violence situation." Leach then goes on to point out that the Government argued for a sentence near the high end of his guidelines range on Count One, "and the 60 month consecutive sentence because of the fact that the gun was discharged into a car in a domestic violence situation and that there were other people around." Leach then appears to contend that the sixty month sentence was improper because "there was no one in and or around the car left parked in his yard that he shot into."

Leach failed to object to the imposition of the sixty month sentence on Count Three in the court below. Accordingly, his claim is subject to plain error review. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, Leach must show that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Id. Even if Leach makes this showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985) (internal quotations omitted)). Here, Leach fails to establish error under Olano.

To the extent that Leach claims he improperly received a sixty month sentence on Count Three for possessing a gun during a domestic violence situation, Leach misconstrues or misapprehends the basis for his sentence. Leach was sentenced under § 924(c), not for discharging the firearm during a domestic violence situation, but for the later possession of the firearm in connection with a drug offense. As mentioned previously, the police located the gun used by Leach in a duffle bag with twenty-four grams of cocaine, thirty-four grams of marijuana, a set of scales, rolling paper, and a crack pipe. Leach admitted to placing the gun in the bag where the drugs were found. Therefore, the district court did not commit error in sentencing Leach to a sixty month sentence on Count Three. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).

Despite Leach's apparent suggestion to the contrary, the discharge of the gun and the fact that "no one was in and or around the car left parked in his yard that he shot into" had no bearing on his sentence for the § 924(c) violation in Count Three. Rather, as the prosecutor twice pointed out, Leach was being sentenced for mere possession of the firearm and not discharge of the weapon, as the discharge, unlike the later possession, occurred during the domestic situation. The Government merely used the facts surrounding the discharge to argue for a sentence near the high end of Leach's guidelines range on Counts Two and Four and not to

affect Leach's sentence on Count Three.  Accordingly, Leach has failed to establish error in being sentenced to the five year minimum for Count Three.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Leach, in writing, of the right to petition the Supreme Court of the United States for further review.  If Leach requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Leach.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>